IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| CRISTOBAL VINICIO CHIQUI PAREDES,<br><br>Petitioner,<br><br>vs.<br><br>PAMELA BONDI, United States Attorney General; KRISTI NOEM, Secretary, Department of Homeland Security; TODD M. LYONS, Acting Director, Immigration and Customs Enforcement; and DAVID EASTERWOOD, Acting Director, St. Paul Field Office, Immigration and Customs Enforcement,<br><br>Respondents. | Case No. 0:26-cv-00974-SHL-DTS<br><br>**ORDER GRANTING VERIFIED PETITION FOR WRIT OF HABEAS CORPUS** |

## I.   INTRODUCTION.

Petitioner is a citizen of Ecuador who has been present in the United States since 2021. He was arrested by federal agents on February 2, 2026. Because Respondents have not established any lawful basis for taking Petitioner into custody—much less for continuing to detain him—the Court GRANTS his Verified Petition for Writ of Habeas Corpus and ORDERS that he be immediately released unless he has been transferred away from Minnesota, in which case he must be returned to Minnesota and then immediately released.

## II.   FINDINGS OF FACT.

Respondents did not dispute any of the facts in the Verified Petition, and thus the Court accepts them as true. Petitioner is a citizen of Ecuador who has lived in the United States since 2021. (ECF 1, ¶¶ 1, 14.) He lives with his partner's family and works at a gas station in Richfield. (Id., ¶¶ 14, 15.) On February 2, 2026, he was arrested by federal agents while at work. (Id., ¶ 16.) Petitioner was not arrested pursuant to a warrant. (Id.) Upon being taken into custody, Petitioner was detained in Minnesota. (Id., ¶ 2.) Petitioner sues Respondents in their official capacities, seeking, among other forms of relief, immediate release or a bond hearing under 8 U.S.C. § 1226(a). (Id., p. 15.)

On February 2, 2026, the Court entered an Order to Show Cause requiring Respondents, among other things, to "certify[] the true cause and proper duration of Petitioner's confinement" and explain "[w]hether Petitioner was arrested pursuant to a warrant and, if so, [provide] a copy of such warrant." (ECF 3.) Respondents have not produced a warrant or otherwise responded to the Petition except with a *pro forma* response stating that they "assert all arguments raised by the government in *Avila* [*v. Bondi*, No. 25-3248 (8th Cir. docketed Nov. 10, 2025)], preserve those arguments for any appeal in this case, and respectfully request that the Court deny Petitioner's habeas petition." (ECF 4.)

### III.   HABEAS CORPUS STANDARDS.

Petitioner is entitled to writ of habeas corpus if, as relevant here, "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Th[e] right [of habeas corpus] extends to those persons challenging the lawfulness of immigration-related detention." *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 900–01 (D. Minn. 2020) (citing *Demore v. Kim*, 538 U.S. 510, 517 (2003) and *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001)). Petitioner bears the burden of proving by a preponderance of the evidence that his detention is unlawful. *See Walker v. Johnston*, 312 U.S. 275, 286–87 (1941); *see also Bradin v. U.S. Prob. & Pretrial Servs.*, No. 22-3032, 2022 WL 1154622, at *3 (D. Kan. Apr. 19, 2022) (collecting cases).

### IV.   LEGAL ANALYSIS.

It is a fundamental principle of law that if the Government wants to keep someone in custody, it must explain the basis for doing so. This is particularly true when, as here, the detainee has filed a petition for writ of habeas corpus. Yet Respondents have made no attempt to explain the basis for Petitioner's detention except to "assert all arguments" raised in a different case currently on appeal to the Eighth Circuit. (ECF 4, p. 1.) The Court appreciates and understands that Respondents' counsel is overwhelmed with habeas petitions. The Court is overwhelmed, too, however, and does not have the time or resources to dig up filings in a totally separate case and figure out how they might apply to this one. The Court therefore interprets Respondents' response as essentially no response at all.

In these circumstances, the Court will not engage in the extensive analysis it has undertaken in other cases where Respondents have made a more concerted effort to justify an alien's detention.

Instead, the Court will simply offer two reasons why Petitioner has satisfied his burden of proving that his detention is unlawful.

First, most courts to have considered the issue have concluded that a person living in the United States after entering without inspection is not an "applicant for admission" subject to mandatory detention under §§ 1225(a) and (b)(2), but rather is governed by 8 U.S.C. § 1226(a), which permits discretionary release. *See, e.g.*, *Helbrum v. Williams Olson*, 4:25-cv-00349-SHL-SBJ, 2025 WL 2840273, at *4 (S.D. Iowa Sept. 30, 2025); *Barrajas v. Noem*, No. 4:25-cv-00322-SHL-HCA, 2025 WL 2717650, at *4–5 (S.D. Iowa Sept. 23, 2025); *Hasan v. Crawford*, 800 F. Supp. 3d 641, 651–57 (E.D. Va. 2025); *Romero v. Hyde*, 795 F. Supp. 3d 271, 281–88 (D. Mass. 2025); *see also Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (stating that § 1226(a) applies to "certain aliens already in the country"). Thus, to the extent Respondents' vague reference to "all arguments raised by the government in *Avila*" means they believe Petitioner is subject to mandatory detention under § 1225(b), the argument fails. At best, he is governed by § 1226(a), which governs "aliens already in the country pending the outcome of removal proceedings under §§ 1226(a) and (c)." *Jennings*, 583 U.S. at 289.

Second, on the present record, detention is also impermissible, even temporarily, under § 1226(a). To justify detention under § 1226(a), there first must be "a warrant issued by the Attorney General." Petitioner has established that no such warrant exists. "[A]bsent a warrant a noncitizen may not be arrested and detained under section 1226(a)." *Ahmed M. v. Bondi*, No. 25-cv-4711, 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026) (emphasis omitted); *see also Choglla Chafla v. Scott*, --- F. Supp. 3d ----, No. 2:25-cv-00437, 2025 WL 2688541, at *11 (D. Me. Sept. 21, 2025), *appeal filed* (Nov. 6, 2025)). Accordingly, he must be immediately released. *See Ahmed M.*, 2026 WL 25627, at *3 ("[R]elease is an available and appropriate remedy for detention that lacks a lawful predicate." (internal quotation marks omitted)).

**V.   CONCLUSION.**

Based on the foregoing, IT IS ORDERED THAT:

1. Petitioner's Petition for Writ of Habeas Corpus (ECF 1) is GRANTED.
2. If Petitioner is in Minnesota, Respondents must immediately release him from custody. If Petitioner is not in Minnesota, Respondents must return him to Minnesota within twenty-four hours and then immediately release him from custody. Respondents shall release

Petitioner with all of his personal effects, including but not limited to purse/wallet, driver's license, immigration papers, passport, cell phones, and keys.

3. Within three days of the date of this Order, the Parties shall confirm that Petitioner has been released as required by this Order.

**IT IS SO ORDERED.**

Dated: February 6, 2026

_____
STEPHEN H. LOCHER
U.S. DISTRICT JUDGE

4